# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC DANE MITCHELL, | ) | |
| #B88346, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 18−cv−566−JPG |
| vs. | ) | |
| | ) | |
| SHAWNEE MEDICAL STAFF, and | ) | |
| NURSE CARROL, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eric Dane Mitchell, an inmate in Shawnee Correctional Center ("Shawnee"),

brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional

rights.  In his Complaint, Plaintiff claims the defendants were deliberately indifferent to his

serious medical issues in violation of the Eighth Amendment.  (Doc. 1).  This case is now before

the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which

provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on or around November 21, 2017, Plaintiff was brought to Shawnee. (Doc. 1, p. 4). Plaintiff told staff and nurses that he needed a hospital, could not urinate, and was feeling sick. *Id.* When Plaintiff urinated, there was blood, and it "hurt really bad and there was a chunky white substance floating around." *Id.* "[T]hey put [Plaintiff] in a suicide cell in a green suit with no clothes underneath." *Id.* Hours went by, and Plaintiff "kept telling the nurse Carrol [he] had a bad infection." *Id.* She got Plaintiff a cup, and when he managed to urinate, "it had chunks of white stuff floating around in it." *Id.* It was also cloudy with bacteria from his liver not flushing right. *Id.* Nurse Carrol looked at it and told him that his liver enzymes were "out of whack," that he had an infection, and that if Plaintiff did not stop using drugs, he was going to die. *Id.* Plaintiff asked for a doctor and for antibiotics, but he did not see a doctor or get antibiotics for eight days. *Id.* Plaintiff was in pain and hallucinating. *Id.* He could not eat or sleep. *Id.* He asked for a nurse, a doctor, and a grievance. *Id.* He "passed out on them," and when he woke up, the nurse told him he was ok

2

and gave him ibuprofen, which is "bad for your liver," and sent him to his cell. (Doc. 1, pp. 4-5).

On November 29, Plaintiff was sent to Menard Correctional Center. (Doc. 1, p. 5). As soon as he arrived, he told a nurse about his situation. *Id.* She tested his urine and immediately called a doctor. *Id.* They put Plaintiff on emergency antibiotics for an infection that had made him constipated and unable to eat. *Id.* Plaintiff threw up for five days, but the medicine ultimately worked, though Plaintiff's liver had been damaged. *Id.* Tests were taken on December 21, but Plaintiff was taken back to Shawnee where he did not receive results from the tests and has not seen a doctor. *Id.* Plaintiff feels "weak all the time" and "urinate[s] constantly." *Id.* He requests monetary damages from the defendants. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving a liver infection and pain associated therewith in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may

constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff has satisfied this standard with respect to his claims against Defendant Carrol. His allegations suggest that she was aware he was suffering from a serious infection but did little or nothing to treat it. The complaint also names Shawnee Medical Staff, in its entirety, as a defendant in this action. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). A group of people, such as Shawnee Medical Staff, is not a "person" subject to suit pursuant to § 1983. Thus, Shawnee Medical Staff will be dismissed with prejudice from this action, though this dismissal is without prejudice to Plaintiff bringing a claim against individual members of the medical staff.

## Pending Motions

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) will be addressed in a separate order of this Court.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to a United States

Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **CARROL**.

**IT IS FURTHER ORDERED** that **SHAWNEE MEDICAL STAFF** is **DISMISSED** with prejudice from this action, though this dismissal is without prejudice to Plaintiff bringing a claim against individual members of the medical staff.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **CARROL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require that the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: April 9, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
